# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. ERONIA NEAL

### Direct Appeal from the Criminal Court for Shelby County
### No. 98-11641  Joseph B. Dailey, Judge

---

### No. W1999-01194-CCA-R3-CD  Decided May 5, 2000

---

The defendant, Eronia Neal, who pled guilty to attempted theft over $1,000.00 and who was sentenced to a term in the county workhouse, was properly denied probation due primarily to a lengthy prior criminal record.

**Tenn. R. App. P. 3: Judgment of the Trial Court Affirmed**

WADE, P. J., delivered the opinion of the court, in which WOODALL and WITT, JJ., joined.

Garland Ergüden, Assistant Public Defender (on appeal), A. C. Wharton, Jr., District Public Defender (of counsel), Leslie Mozingo, Assistant Public Defender (at trial), for the appellant, Eronia Neal.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, Dan Byer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Eronia Neal, entered a guilty plea to attempted theft over $1,000.00. The trial court approved a Range II sentence of four years, denied probation, and ordered service of the sentence in the county workhouse. The defendant was fined $500.00. In this appeal of right, he contends that he should have been granted probation. We find no error and affirm the judgment of the trial court.

The indictment charged that on February 15, 1998, the defendant attempted to steal an automobile having a value over $1,000.00 but under $10,000.00. The victim, H.T. Scott, was the owner of the vehicle.

At the sentencing hearing, the defendant candidly acknowledged his "horrible" prior criminal record. He acknowledged that he had been jailed for some 16 months prior to the proceeding because he had violated the probationary terms for his prior offenses. He contended, however, that he merited probation because he had completed 28-day treatment programs in 1998 at the Memphis Mental Health Institute and Charles Lakeside, because he had received "no write-

ups" during his term of incarceration, and because he had participated in an anger management course and received job training during his term in jail. The defendant asked for probation in order to obtain employment so as to assist his family. He expressed specific concern for a son who had failed the fifth grade. The defendant claimed that he had been accepted into a weekly counseling program if granted probation and he produced a letter signed by four officers recommending that he receive probation. Conditioned upon the grant of probation, the defendant had arranged employment at a Mrs. Winner's Restaurant.

At the conclusion of the proof, the trial court observed that the defendant was on probation at the time of this offense. It determined that the defendant had 60 prior arrests, not counting his juvenile record. Among the convictions listed in the presentence report, which extended over a continual period from 1974 through 1998, were driving under the influence, felony theft, driving while a habitual motor vehicle offender, and assault. Many of the offenses were alcohol, drug, or driving-related, but numerous crimes involved larceny and theft in varying amounts. While complimenting the defendant's interest in his son's well-being and his willingness to participate in regular counseling, the trial court determined that the excessive number of his prior offenses, his propensity to steal, and his failure to meet probationary conditions ruled out any possibility of an alternative sentence.

In this appeal, the defendant insists that he has only eight prior theft convictions. He asserts that many of his crimes involved multiple charges from the same event. The defendant also argues that deterrence was the primary basis for the denial of probation and that the state failed to rebut evidence of his amenability to rehabilitation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The record in this case demonstrates that the trial court made adequate findings of fact.

In our view, the trial court had a proper basis to deny an alternative sentence. The

defendant had a lengthy prior criminal record and had failed to meet the terms of probation on prior instances. While there may still be hope of rehabilitation at some point in the future, the evidence presented at the sentencing hearing provides little indication that the defendant can consistently conform his conduct to the dictates of the law. In our view, probation under these circumstances would not serve the ends of justice and the interests of the public. The trial court acted within its prerogative.

Accordingly, the judgment is affirmed.